IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| STEPHANO DEWAYNE GOLIDAY-HOLLON | ) ) ) |
| v. | ) NO: 3:25-cv-00465 ) |
| CONSUMER PORTFOLIO SERVICES | ) ) |

To: Honorable William L. Campbell, Jr., Chief District Judge

# REPORT AND RECOMMENDATION[1]

By Order entered April 28, 2025 (Docket Entry No. 5), this removed, *pro se* civil action was referred to the Magistrate Judge for pretrial proceedings.

Pending before this Court is Plaintiff's request for remand (Docket Entry Nos. 7 and 8). For the reasons set forth below, the undersigned respectfully recommends that the request for remand be granted and that this action be remanded back to state court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 11, 2025, this lawsuit was filed in the 20th Judicial District Court, Davidson County, Tennessee, by "Stephano Dewayne Goliday-Hollon, in propria persona, su juris (sic), Private State National, beneficiary and surety" against Consumer Portfolio Services, Inc. ("Defendant"), seeking "full reimbursement of $25,094.60," as well as other forms of equitable relief. *See* Complaint (Docket Entry No. 1-1 at 1-9). Plaintiff's lawsuit is based upon a financing

---

[1] The Court addresses the issues of removal and remand via a report and recommendation because motions for remand, while not categorically dispositive under 28 U.S.C. § 636(b)(1)(A), are generally treated as dispositive motions for which a magistrate judge must issue a report and recommendation. *Vogel v. U.S. Office Prod. Co.*, 258 F.3d 509, 517 (6th Cir. 2001).

agreement made by Defendant for the purchase of an automobile. The exact legal claims asserted by Plaintiff are not easily ascertained, but he states that "[t]his action is brought in exclusive equity, invoking the doctrines of suretyship, subrogation, and good faith, to demand full reimbursement, release from liability, and recognition of my rights as a surety." *id*. at 1, and he asserts that his cause of action is "equitable subrogation". *Id*. at 8.

On April 14, 2025, he supplemented his complaint with an "equity-based complaint with supporting affidavit and evidence package" in which he requested that the court clerk:

> Please record and accept this Equity-Based Complaint into the official court record, along with the accompanying Affidavit of Fact, sworn statements, exhibits, and verification of service. This matter is brought under exclusive equity jurisdiction by the living principal creditor, who appears in private capacity and expresses suretyship.
>
> The undersigned reserves all equitable rights and demands lawful remedy through full reimbursement, correction of records, and immediate cessation of unlawful activity.

*See* Equity-Based Complaint (Docket Entry No. 1-2) at 2-3. Attached to this complaint are various filings from Plaintiff, including two "affidavits of dishonor," a "formal rebuttal," and several documents related to the financing agreement and Plaintiff's credit report. *Id*. at 4-16. In one of these attachments, Plaintiff refers to having made a formal demand for reimbursement under the Truth in Lending Act and to Truth in Lending Reimbursement in the amount of $28,894.60. *Id*. at 4-5.

On April 24, 2025, Defendant filed a Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446(b)(3), asserting that Plaintiff had raised a claim for relief in his amended complaint under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq*., and thus federal question jurisdiction exists under 28 U.S.C. § 1331 to support removal of the case to federal court. *See* Notice of Removal (Docket Entry No. 1).

2

On April 28, 2025, Plaintiff made two filings that contest the removal of the case and that request that the case be returned to state court. *See* Docket Entry Nos. 7 and 8. Although Plaintiff makes some confusing and contradictory statements in the filings, he nonetheless specifically asserts that (1) he has not pled a cause of action under the Federal Truth in Lending Act or any other federal statute and that his reference to the "TILA disclosure" is "strictly evidentiary" and is not a request for statutory relief under federal law, *see* Docket Entry No. 7-1 at 1, and (2) his claim for relief is not founded on federal law nor does he consent to federal jurisdiction, *see* Docket Entry No. 8 at 1-2.

In response to Plaintiff's request for remand, Defendant argues that removal was proper because the amended complaint filed by Plaintiff sought relief under the TILA by making a "Formal Demand for Reimbursement under the Truth in Lending Act" and seeking "Truth in Lending Reimbursement" of $28,894.60 (or possibly $38,894.60). Defendant further points out that, in one of Plaintiff's remand filings, he confirms the federal claim by stating that "this filing arises . . . under the laws of the United States, particularly the Truth in Lending Act (TILA) and Title 28 U.S.C. § 1331 and § 1441." *See* Docket Entry No. 7 at 1. Thus, Defendant argues that Plaintiff's case is a civil action "arising under the Constitution, laws, or treaties of the United States" pursuant to Section 1331, and removal was appropriate under Sections 1441 and 1446. *See* Response (Docket Entry No. 29). Defendant further points out that that other post-removal filings made by Plaintiff state that he is asserting a claim for $163,894.00 and that it would thus appear that diversity jurisdiction over the case exists because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00. *Id*. at 4.

Numerous other filings and motions are before the Court. Although these are primarily from Plaintiff, Defendant has filed a motion to dismiss this case under Federal Rule 12(b)(6),

3

asserting that the allegations of Plaintiff's pleading fail to state claims for relief. *See* Docket Entry No. 12. However, the parties' arguments pertaining to the issue of removal and remand are adequately set out within the above summarized filings and a summary and explanation of the other filing in the case is not necessary for the purposes of resolving Plaintiff's request for remand.

## II. ANALYSIS

The Court finds that remand of this case is warranted because there is no basis for removal of the case on the ground of federal question jurisdiction.

The party seeking removal bears the burden of demonstrating that the federal court has original jurisdiction over the action. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). Removal in this case was based solely upon federal question jurisdiction.[2] "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a particular civil action arises under the laws of the United States depends on application of the "well-pleaded complaint rule." Under this rule, a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

---

[2] Defendant's assertion that it appears that diversity jurisdiction now exists based on Plaintiff's post-removal filings that increase the amount of his claim is misplaced. First, it is debatable whether any of Plaintiff's post-removal filings constitute a proper amendment of his pleadings. Furthermore and more importantly, the existence of diversity jurisdiction was not raised as a basis for removal in the notice of removal, and the propriety of removal, including a determination of whether the amount in controversy has been met, is evaluated at the time of removal not afterwards. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

4

Thus, the deciding question to be answered is whether the "Equity-Based Complaint" that Plaintiff tendered after his initial pleading in state court and that was construed by Defendant as an amended complaint suffices as a well pleaded complaint which raises issues of federal law. The Court finds that it does not. While the Court sympathizes with the task faced by Defendant in trying to decipher Plaintiff's confusing and convoluted filings, which the Court notes often do not come in the normal form of recognized filings, the Court nonetheless finds that the Equity-Based Complaint does not actually set out a federal claim or cause of action. Indeed, there is no assertion by Plaintiff in the Equity-Based Complaint itself that the TILA has been violated, let alone an assertion that a specific statutory provision has been violated. Although Plaintiff does make two references to the TILA and to reimbursement under the TILA in his attachments to the Equity-Based Complaint, these references are brief and appear to be directed at Plaintiff's calculation of the monetary relief to which he believes he is entitled based on his theory of "equity subrogation" under state law, as opposed to setting out a distinct, federal claim for relief that is based upon a violation of the TILA.

The Sixth Circuit has long held that a mere reference to a federal statute "does not establish federal jurisdiction if the dispute does not involve 'a substantial question of federal law.'" *Ford v. Hamilton Invs., Inc.*, 29 F.3d 255, 258 (6th Cir. 1994) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 28 (1983) ). "A 'substantial' federal question involves the interpretation of a federal statute that actually is in dispute in the litigation and is so important that it 'sensibly belongs in federal court.'" *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 552 (6th Cir. 2006) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005)). Additionally, the fact that a state law cause of action may require reference to a federal law or raise incidental federal issues is not enough to lead to removability. *See Merrell Dow*

*Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Finally, the Court notes that the removal statutes, 28 U.S.C. §§ 1441 *et seq.*, are "to be construed strictly, narrowly and against removal," *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins., Co.*, 5 F.3d 963, 968 (6th Cir. 1993), and that "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Given these guideposts, the Court finds that nothing set out in in Plaintiff's state court pleadings is sufficient to raise a federal claim or issue that satisfies the Court's original federal question jurisdiction. Finding that a federal claim has been pled by Plaintiff would essentially require the Court to construct and set out Plaintiff's claim for him, which is far afield from applying the well-pleaded complaint rule to determine if a basis exists for removal. To the extent that Plaintiff states in one of his post-removal filings that this case arises under the laws of the United States and the TILA, the Court finds that this statement is not determinative of the matter given (1) Plaintiff's clear contradiction of this statement by his request for remand and his disavowal of a federal claim, (2) the general confusing and contradictory nature of many of Plaintiff's filings, and (3) the lack of a clearly set out federal claim in the actual pleading upon which removal was based.

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that:

(1) Plaintiff's motions for remand (Docket Entry Nos. 7 and 8) be GRANTED and that this case be **REMANDED** back to the 20th Judicial District Court, Davidson County; and,

(2) all other pending motions in this case be **DENIED** as moot given the Court's decision on the issue of remand.

**ANY OBJECTIONS** to this Report and Recommendation must be filed **within fourteen (14) days** of service of this Report and Recommendation and must state with particularity the

specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed **within fourteen (14) days** after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

**Signed By:**
*J. Gregory Wehrman*
**United States Magistrate Judge**